CHARLES DE SANTIS, an Infant, by HELEN DE SANTIS, His Guardian ad Litem, Appellant, *v.* PETER LUGER, Respondent.

(Argued October 22, 1931; decided November 17, 1931.)

*Milton M. Eisenberg* and *Ralph Weller* for appellant. Whether trespasser or licensee the defendant owed the infant plaintiff the duty not to injure him by active negligence, gross negligence or assault. (*Kiff* v. *Youmans*, 86 N. Y. 324; *Morrison* v. *Hotel Rutledge Co.*, 200 App. Div. 636; *Dorsey* v. *Chautauqua Institution*, 203 App. Div. 251; *Noonan* v. *Luther*, 206 N. Y. 105; *Magar* v. *Hammond*, 183 N. Y. 387; *Lande* v. *L. & S. Construction Co.*, 191 App. Div. 497.)

*Daniel Mungall* for respondent. Neither the complaint nor the proof made out a cause of action. (*Meiers* v. *Koch Brewery*, 229 N. Y. 10; *Birch* v. *New York*, 190 N. Y. 397; *Walrath* v. *Hanover Fire Ins. Co.*, 216 N. Y. 220; *Kiff* v. *Youmans*, 86 N. Y. 324; *Swartwood* v. *Walbridge*, 57 Hun, 33; *Conway* v. *Carpenter*, 80 Hun, 428; *Brendlin* v. *Beers*, 144 App. Div. 403.)

*Per Curiam.* In an action to recover damages for two assaults and batteries, one closely following the other, the trial judge permitted the jury to give damages for the first, but refused to allow a recovery for the second.

Both parties appealed from a judgment for $500 and costs in favor of the plaintiff, and both appealed from an order denying a new trial.

The order of the Appellate Division is obscurely phrased,

but we think it may fairly be read as meaning that the judgment is unanimously affirmed in so far as it is appealed from by the defendant, but that it is affirmed, two justices dissenting, in so far as it is appealed from by the plaintiff. In that view, the decision is not unanimous, and an appeal may be taken by the plaintiff as of right.

The testimony as to the second assault, if submitted to the jury, would sustain a finding that the door of the defendant's dwelling was closed with sudden violence; that this was done with the design to strike the plaintiff who was peaceably approaching; that the force was unreasonable and dangerous; and that the plaintiff in trying to ward off the threatened blow struck his hand against the glass and was seriously injured.

The judgment, so far as appealed from by the plaintiff, should be reversed, the causes of action stated in the complaint should be deemed to be severed, and a new trial granted as to the second, with costs to abide the event.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment accordingly.